IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CARROLL EUGENE BALLARD, | Case No. 2:25-cv-595-SI |
| Plaintiff, | **ORDER** |
| v. | |
| DR. WARREN ROBERTS, Department of Corrections Chief of Medicine; **PATRICK MANEY**, TRCI Nurse Practitioner; **SUSAN MCCAFFREY**, TRCI Health care Provider; and **TLC COMMITTEE BOARD**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Carroll Eugene Ballard sues, among others, Nurse Shawna McCaffrey[1] for

allegedly violating Plaintiff's Eighth Amendment rights to receive proper medical care and

---

[1] Plaintiff incorrectly identifies Nurse McCaffrey's first name as "Susan" in the caption and body of Plaintiff's complaint. Plaintiff misspells Nurse McCaffrey's last name as "McCaffery" only in the caption of Plaintiff's complaint and otherwise correctly spells her last name throughout the body of the complaint. Because Plaintiff correctly spells her last name throughout the complaint except in the caption, the Court accepts that as a scrivener's error and corrects Nurse McCaffrey's last name in the caption in this Order. The Court does not, however, change her first name from what was stated in Plaintiff's caption and alleged. Plaintiff should correct that error in an amended complaint. *Cf. Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1086 (9th Cir. 1983) (remanding so the plaintiff could amend the caption to properly name a defendant); *Peterson v. Mickles*, 2020 WL 214749, at *9 n.13 (D. Or. Jan. 14, 2020) ("If the body of the complaint correctly identifies the party being sued or if the proper person actually has been served with the summons and the complaint, federal courts generally will allow an amendment under Federal Rule of Civil Procedure 15 to correct technical

Fourteenth Amendment due process rights. Plaintiff suffered a complete dislocation and fracture of his big toe. After months of complaining about the seriousness of his injury, he was sent to a specialist who recommended surgery. Oregon Department of Corrections' Therapeutic Level of Care Committee ("TLC") twice denied his surgery. Eventually, Plaintiff was permitted to have the surgery that his doctor recommended, after suffering significant pain for 25 months. He alleges that Nurse McCaffrey saw Plaintiff 22 months' into his injury, requested that TLC reconsider its surgical denial, and TLC denied her request. Before the Court is Nurse McCaffrey's motion to dismiss based on failure to state a claim.

**A.  Motion to Dismiss Legal Standards**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations

_____

defects in the caption when that is thought necessary." (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1321 (4th ed. Aug. 2019)).

of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## B.  Plaintiff's Eighth Amendment Claim

"A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). "To establish an Eighth Amendment violation, a prisoner must satisfy both the

objective and subjective components of a two-part test." *Id.* (quotation marks omitted). First, the alleged deprivation must be "sufficiently serious" under an objective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prisoner must show that prison officials acted with deliberate indifference, meaning an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also Toguchi*, 391 F.3d at 1057 (describing the two-part test). "This 'subjective approach' focuses only 'on what a defendant's mental attitude actually was.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer*, 511 U.S. at 839). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)).

Plaintiff only makes the following two allegations relating to Nurse McCaffrey:

> 50. On April 1, 2024, Plaintiff was seen by Nurse McCaffrey at medical. Plaintiff expressed that he has been enduring constant pain since suffering the injury approximately 22 months prior. Nurse McCaffrey took photographs of Plaintiff's right great toe and proceeded to submit a request to TLC for reconsideration of the surgery recommended by Dr. Duncan in August 2023.
>
> . . . .
>
> 67. Defendants Maney and McCaffrey were deliberately indifferent to Plaintiff's serious medical needs when they became aware of the Plaintiff's dislocated and broken toe and did not provide the community standard of care to the Plaintiff to address his badly dislocated and broken toe by delaying and denying treatment for approximately 25 months in violation of his Eight[h] Amendment right to be free from cruel and unusual punishment.

Compl. (ECF 2). After his allegation regarding his visit to Nurse McCaffrey, Plaintiff alleges that the TLC denied the reconsideration request Nurse McCaffrey submitted and that "medical" then "verif[ied] [the] existence of Plaintiff's injury" by having "medical staff" contact his work

supervisor and housing unit officer and resubmitted another request for reconsideration to TLC. *Id.* ¶¶ 51-53. TLC then finally approved Plaintiff's surgery. *Id.* ¶ 53.

Nurse McCaffrey argues that Plaintiff fails to state a claim against her under the Eighth Amendment. Nurse McCaffrey contends that Plaintiff alleges no facts showing that Nurse McCaffrey engaged in a sufficiently serious deprivation of Plaintiff's constitutional rights, let alone that she did so with deliberate indifference.

Plaintiff responds that Nurse McCaffrey saw Plaintiff 22 months' into his injury, gaining knowledge of his full history and suffering, and did nothing further after TLC denied her recommendation that TLC reconsider its original denial of his surgery. Plaintiff argues that Nurse McCaffrey's failure to act further violated his Eighth Amendment rights and showed deliberate indifference.

Although the Court is skeptical that allegations such as those would support an Eighth Amendment claim, the problem with Plaintiff's argument is that he did not make such allegations in his complaint. In his fact section, Plaintiff alleges that Nurse McCaffrey recommended to TLC that it reconsider denying Plaintiff's surgery. Clearly that did not violate Plaintiff's constitutional rights or show deliberate indifference. Plaintiff does not allege that Nurse McCaffrey failed to act after that denial. Indeed, Plaintiff's next allegations are that medical staff moved forward to obtain further information supporting the request for Plaintiff's surgery, resubmitted the request that TLC reconsider its denial of Plaintiff's surgery, and this time his surgery was approved.

In his legal claim, Plaintiff alleges that Nurse McCaffrey, along with Defendant Patrick Maney, another medical provider at the prison, were deliberately indifferent by delaying and denying Plaintiff's treatment for 25 months. But Nurse McCaffrey encountered Plaintiff after his

injury had been ongoing for 22 months, by Plaintiff's own factual allegations. Thus, Nurse McCaffrey could not have been deliberately indifferent by delaying and denying Plaintiff's care for 25 months. Plaintiff alleges no facts supporting this contention in Plaintiff's Eighth Amendment claim. Plaintiff's Eighth Amendment claim alleges no other basis for holding Nurse McCaffrey liable. As discussed, the only facts alleged against Nurse McCaffrey (that she took photographs of his toe and requested TLC reconsider its denial of his surgery) do not support an Eighth Amendment claim, even construing Plaintiff's complaint liberally. The Court thus grants this aspect of Nurse McCaffrey's motion to dismiss.

## C.  Plaintiff's Fourteenth Amendment Claim

Plaintiff alleges that he was denied the due process rights protected under the Fourteenth Amendment. Plaintiff alleges that all Defendants "depriv[ed] Plaintiff of an opportunity to aggrieve his medical condition through continued refusal to provide adequate medical care." Compl. ¶ 71. Plaintiff does not identify whether he brings a substantive or procedural due process claim, but it appears that Plaintiff intends to bring a procedural due process claim on the basis that he was deprived of his right to grieve his dissatisfaction with his medical care.

The Court liberally construes a pro se complaint. *See Hebbe*, 627 F.3d at 342. Considering the liberal construction a court must provide a pro se litigant, courts evaluate the claims in a pro se complaint for their substance and whether they provide "fair notice" of a valid claim, and not their label or specifically-cited authority. *See Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("We hold that Alvarez's RLUIPA claim was presented to the district court because his complaint and subsequent filings provided appellees with 'fair notice' of that claim, even though the statute was not cited in the complaint itself."); *see also Rosado v. Roman*, 2017 WL 3473177, at *2 (D. Or. Aug. 11, 2017) ("Mindful of the liberal construction a court is to give *pro se* pleadings, the Court looks to the substance of Rosado's claims and not the label he

PAGE 6 – ORDER

provides."); *Formica v. Superintendent of Cent. Va. Reg'l Jail*, 2015 WL 5561933, at \*11 n.16 (W.D. Va. Aug. 21, 2015) ("Federal courts may ignore the legal label that a *pro se* litigant attaches to a claim in order to create a better correspondence between the claim's substance and its underlying legal basis."), *report and recommendation adopted*, 2015 WL 5561952 (W.D. Va. Sept. 21, 2015).

Prisoners have a First Amendment right to file a prison grievance. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). There is, however, "no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (stating that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure"). Further, "the failure to follow grievance procedures does not give rise to a due process claim." *Davis v. Suckle*, 2025 WL 2898490, at \*3 (D. Ariz. Oct. 10, 2025) (citing *Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986)).

Construing Plaintiff's claim as under the First Amendment for interference with his right to file a prison grievance, Plaintiff alleges no facts supporting this claim against Nurse McCaffrey. Plaintiff alleges that Nurse McCaffrey violated this claim "by denying Plaintiff the community standard of care to address his badly dislocated and broken toe by delaying and denying treatment for approximately 25 months." *Id.* ¶ 72. This allegation mirrors Plaintiff's Eighth Amendment allegation. It has the same deficiency in that Nurse McCaffrey did not delay or deny Plaintiff's treatment for 25 months, because she did not see him until he had been injured for 22 months. It also provides no notice as to how Nurse McCaffrey prevented or interfered with Plaintiff's ability to file a prison grievance. Prison grievance procedures generally are not

within the purview of a medical nurse and even if they were, Plaintiff alleges no facts showing that Nurse McCaffrey stopped him from filing a grievance.

If Plaintiff intends to file a due process claim not based on his ability to file a grievance, then his claim is unclear. Plaintiff would need to allege the liberty or property interest of which he contends he was deprived without due process, and facts showing how Nurse McCaffrey deprived him of that liberty or property interest without providing him with due process.[2] The Court therefore grants this aspect of Nurse McCaffrey's motion to dismiss.

**D. Conclusion**

The Court GRANTS Defendant Shawna McCaffrey's Motion to Dismiss, ECF 13. If Plaintiff believes he can cure the defects identified in this Order, Plaintiff may file an amended complaint by November 14, 2025, amending his allegations against Nurse McCaffrey. Defendants Roberts and Maney have answered and thus Plaintiff may not amend his claims against those Defendants without first filing a motion for leave to amend.

**IT IS SO ORDERED.**

DATED this 27th day of October, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District. Judge

---

[2] Plaintiff does not allege any conduct separate from his alleged Eighth Amendment violation, and thus it does not appear he intends to allege a substantive due process claim. The Supreme Court has explained that "[i]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1988) (citation and quotation marks omitted).